STATE of Iowa, Appellee,

v.

Andrew WILLIAMS, Appellant.

No. 67895.

Supreme Court of Iowa.

June 15, 1983.

Francis C. Hoyt, Appellate Defender, and Charles L. Harrington, Asst. Appellate Defender, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Michael K. Jordan, Asst. Atty. Gen., and Gregory E. Jones and Randy S. Hisey, Asst. County Attys., for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, McCORMICK, LARSON and CARTER, JJ.

McCORMICK, Justice.

Defendant Andrew Williams appeals from his conviction by jury and sentences for first-degree kidnapping and second-degree sexual abuse. The questions are whether the trial court erred in refusing to instruct the jury to disregard expressions of personal opinion by the prosecutor during final argument and whether defendant was denied effective assistance of counsel. Because we find against defendant's contentions on these questions, we affirm the trial court.

Defendant was charged with first-degree kidnapping and second-degree sexual abuse in separate counts of a trial information. The charges were based on allegations that defendant drove a woman to two separate locations in Sioux City during the night of July 15, 1981, and forced her to perform sex acts with him.

The record shows that the case was prosecuted and submitted as if based on a single continuous occurrence. Under this court's holding in *State v. Whitfield,* 315 N.W.2d 753, 755 (Iowa 1982), a sexual abuse offense is merged as a lesser included offense in a conviction of first-degree kidnapping that is based on the same sexual abuse offense. *See* Iowa Code § 701.9 (1983). When the record shows separate sex incidents, only one sexual offense is established if the incidents are treated as one overall occurrence for purposes of trial and conviction. *State v. Newman,* 326 N.W.2d 796, 803 (Iowa 1982); *State v. Newman,* 326 N.W.2d 788, 792 (Iowa 1982). Defendant did not raise this issue at trial or in his brief in this court. We therefore do not

decide whether he is entitled to have his sexual abuse conviction nullified on this ground, and we have no occasion to determine whether a postconviction remedy is available to him.

I. *Refusal of the instruction.* Defendant contends that the prosecuting attorney expressed personal opinions concerning defendant's guilt and credibility during the State's closing argument. The final arguments were reported, and the prosecutor's closing argument contains several statements by the prosecutor of a personalized nature. Defense counsel objected to these remarks at the conclusion of the argument and requested a cautionary instruction. The court found nothing objectionable in the prosecutor's argument and refused to admonish the jury. When the same ground was urged in support of a motion for new trial, the court again found it to be without merit.

The record included statements in which the prosecutor said defendant took the victim to a secluded area "in my opinion, in an attempt to avoid detection." He also said, "I also think it is clear that she was subjected to sexual abuse." At another point he said:

> One other thing: the judge will also instruct you on some lesser included offenses that are included in the principal charges of sexual abuse in the second degree and kidnapping. It's my opinion that you don't need to worry about those lesser included offenses, because the State has, in my opinion, proved beyond a reasonable doubt all of the elements necessary to establish both sexual abuse in the second degree and kidnapping in the first degree.

In commenting on defendant's testimony that he reached under his car seat to hide money rather than a knife at the time he was stopped by the police, the prosecutor noted the police testified only about finding a knife there. He added: "So it seems to me that the money didn't exist. The knife existed, and that's what Mr. Williams was attempting to do when he reached under the seat; to hide the knife." At another

point the prosecutor discussed defendant's testimony that his physical contact with the victim was limited to an exchange of kisses. He said:

> I find that hard to believe. I find that very hard to believe. I find it hard to believe that after that opening he didn't do anything more. He testified he was rather sexually active. I find that story just a little bit hard to believe. I find it stretches my imagination.

Defendant alleges these remarks are examples of egregious prosecutorial misconduct.

The governing principle is stated in *State v. Phillips,* 226 N.W.2d 16, 19 (Iowa 1975), as follows:

> Counsel is entitled to some latitude during closing argument in analyzing the evidence admitted in the trial. He may draw conclusions and argue all permissible inferences which may reasonably flow from the record which do not misstate the facts. [citations omitted]
>
> Of course, counsel has no right to create evidence by his argument nor interject his personal beliefs. It is for the jury to determine the logic and weight of the conclusions drawn.

The key point is that counsel is precluded from using argument to vouch personally as to a defendant's guilt or a witness's credibility. This is true whether the personal belief is purportedly based on knowledge of facts not possessed by the jury, counsel's experience in similar cases, or any ground other than the weight of the evidence in the trial. A defendant is entitled to have the case decided solely on the evidence.

The principle is expressed in DR 7–106(C) of the *Iowa Code of Professional Responsibility for Lawyers:*

> In appearing in his professional capacity before a tribunal, a lawyer shall not:
>
> .    .    .    .    .
>
> (4) Assert his personal opinion as to the justness of a cause, as to the credibility of a witness, as to the culpability of a civil litigant, or as to the guilt or innocence of an accused; but he may argue, on his analysis of the evidence, for any position

or conclusion with respect to the matters stated herein.

The same principle is incorporated in *ABA Standards, The Prosecution Function,* section 5.8 (Approved Draft 1971):

(a) The prosecutor may argue all reasonable inferences from evidence in the record. It is unprofessional conduct for the prosecutor intentionally to misstate the evidence or mislead the jury as to the inferences it may show.

(b) It is unprofessional conduct for the prosecutor to express his personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant.

. . . . .

The prosecutor may strike hard blows but not foul ones. *See State v. Vickroy,* 205 N.W.2d 748, 750 (Iowa 1973).

Expressions of personal belief that are not stated as reasonable inferences from the record are barred because they are a form of "unsworn, unchecked testimony and tend to exploit the influence of [the prosecutor's] office and undermine the objective detachment which should separate a lawyer from the cause for which he argues." *ABA Standards, The Prosecution Function,* at 128. A lawyer must be sensitive to the distinction between zealous advocacy and misconduct:

The line between permissible and impermissible argument is a thin one. Neither advocate may express his personal opinion as to the justice of his cause or the veracity of witnesses. Credibility is solely for the triers, but an advocate may point to the fact that circumstances or independent witnesses give support to one witness or cast doubt on another. The prohibition goes to the advocate's personally endorsing or vouching for or giving his opinion; the cause should turn on the evidence, not on the standing of the advocate, and the witnesses must stand on their own.

*Id.*

█ In the present case, we believe the prosecutor approached the line but did not cross it. The governing principle does not preclude all personalized remarks; it merely precludes those that do not appear to be based on the evidence. *See State v. Odem,* 322 N.W.2d 43, 47 (Iowa 1982); *State v. Allison,* 260 Iowa 176, 184, 147 N.W.2d 910, 914, *cert. denied,* 391 U.S. 906, 88 S.Ct. 1657, 20 L.Ed.2d 420 (1967); Annot., 88 A.L.R.3d 449, 469–91 (1978); Annot., 81 A.L.R.2d 1240, 1242–48 (1962). Viewed in context, all of the prosecutor's challenged remarks were obviously based on his view of the evidence. He did not in any statement insinuate that his opinion was based on non-record facts nor can it fairly be said that he personally vouched against the credibility of defendant's testimony.

It would have been better if the remarks were not personalized. They added nothing to the force of the prosecutor's argument. Yet the remarks did not change the substance of the argument, and we agree with the trial court that misconduct was not shown. Therefore the court did not err in refusing the requested instruction or in denying the motion for new trial based on the same ground.

█ II. *Effectiveness of counsel.* Defendant asserts he was denied his federal constitutional sixth and fourteenth amendment right to counsel by failure of trial counsel to preserve alleged error on several occasions during trial. This court has recognized that a failure to preserve error may be sufficiently grievous that it denies a defendant his constitutional right to effective assistance of counsel. *See Washington v. Scurr,* 304 N.W.2d 231, 235 (Iowa 1981). The applicable standard is stated in *Hinkle v. State,* 290 N.W.2d 28, 30 (Iowa 1980), and will not be repeated here.

█ We have reviewed the alleged errors relied on by defendant and find that they do not demonstrate ineffective representation. Failure to object or to move to strike certain evidence may well have been motivated by a desire not to emphasize the allegedly objectionable testimony. In any event, even if the omissions were not strategic, they were not sufficiently serious to affect defendant's substantial rights. Thus

they did not rise to the level of a deprivation of his right to effective counsel. *See Snethen v. State,* 308 N.W.2d 11, 14 (Iowa 1981).

■ Defendant wishes to reserve the right to assert other grounds of counsel's ineffectiveness in a postconviction action. The postconviction avenue is available when the record on direct appeal is inadequate to present the issue. *See State v. Kellogg,* 263 N.W.2d 539, 544 (Iowa 1978). Therefore defendant is not precluded from urging additional grounds of ineffective assistance of counsel if those grounds depend on the opportunity to make an additional record in postconviction proceedings.

AFFIRMED.