**STATE of Iowa, Plaintiff–Appellee,**

v.

**Steven KEESEY, Defendant–Appellant.**

No. 93–1287.

Court of Appeals of Iowa.

May 26, 1994.

Linda Del Gallo, State Appellate Defender, and Kevin Cmelik, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Julie H. Brown, Asst. Atty. Gen., William E. Davis, County Atty., and Julie Walton, Asst. County Atty., for appellee.

Considered by DONIELSON, C.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

The defendant, Steven Keesey, appeals his conviction, following a jury trial, of sexual abuse in the third degree, in violation of Iowa Code sections 709.1 and 709.4(1), and of burglary in the first degree in violation of Iowa Code sections 713.1 and 713.3 (1993). We affirm.

G.L., a fourteen-year-old girl, lived in an apartment in Davenport with her mother. On the night of March 5, 1993, she was awakened around midnight when someone placed a pillow over her face. G.L. passed out. When she came to, she discovered the intruder had positioned himself behind her, had removed her underwear, and was fondling her vagina. The intruder then left through the bedroom door. As the intruder was leaving, G.L. took the pillow off her face and saw a glimpse of the intruder. She described him as wearing a camouflage jacket and jeans with blonde hair shaved in the back with long bangs. It was later discovered that entry into the apartment had been gained through a sliding glass door which had a lock that had been forced open. A

black hat with the initials "ASC" was discovered next to G.L.'s bed.

Detective Venema investigated the assault. He determined that the initials "ASC" stood for the American Sunroof Company. Venema learned the only authorized ASC installer in Davenport was D & B Auto Sound. Venema also learned that ASC had distributed six hats like the one found in G.L.'s apartment, to D & B on April 29, 1992.

Venema requested the manager of D & B collect the hats from his employees. One of the employees stated he had seen the defendant, Steven Keesey, wear such a hat.

The State filed a trial information charging Keesey with first-degree burglary and third-degree sexual abuse in violation of Iowa Code sections 709.1, 709.4(1), 713.1, and 713.3 (1993).

Following the presentation of the State's evidence, Keesey moved for a judgment of acquittal, which the district court denied. Keesey's renewed motion was also denied. The jury found Keesey guilty as charged. Keesey was sentenced to serve twenty-five years on the charge of first-degree burglary, and ten years on the third-degree sexual abuse charge, the sentences to be served consecutively. Keesey appeals.

## I. Ineffective Assistance of Counsel.

Keesey claims his trial counsel was ineffective because he failed to object to Detective Michael Venema's hearsay testimony.

Detective Venema testified that six hats, of the model found at the scene of the crime, were sent from American Sunroof Company to D & B Auto Radio, where the defendant was employed, and that the defendant received one of those hats. Detective Venema stated he received this information from the distributor of the hats and Ms. Diane Harper, the manager at D & B. Neither a representative from American Sunroof Company nor Ms. Harper testified at trial.

Our ultimate concern in claims of ineffective assistance is with the " 'fundamental fairness of the proceeding whose result is being challenged.' " *State v. Risdal*, 404 N.W.2d 130, 131 (Iowa 1987) (quoting *Strick-*

*land v. Washington,* 466 U.S. 668, 696, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674, 699 (1984)). We review de novo the totality of the circumstances relating to counsel's conduct, keeping in mind the presumption that counsel performed competently. *Risdal,* 404 N.W.2d at 131. The burden is on the defendant to prove by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) prejudice resulted. *Id.* at 131–32.

This same evidence was admitted through other witnesses. A bookkeeper for D & B testified that in April 1992, D & B received six hats like the one found in G.L.'s bedroom. She had stated D & B never received that particular style of hat prior to April 1992, and has not received any since that time. The branch manager at D & B testified he is the only licensed installer of American Sunroofs in the Quad–City area. He also stated that to the best of his knowledge, the next closest installer of American Sunroofs is in Chicago. Keesey's roommate testified Keesey owned a hat like the one in question. Of the six hats sent to D & B, four were accounted for and turned over to authorities. The bookkeeper testified that she believed the fifth hat was given to an employee named David Rood. Rood was a man considerably larger than the man G.L. described as her perpetrator.

Keesey, citing *State v. Sowder,* 394 N.W.2d 368, 372 (1986), argues all hearsay testimony is presumed to be prejudicial. *Sowder,* and other cases stating that proposition, however, involved alleged evidentiary error preserved by contemporaneous objection. *Id.* The standard for reversible error is much different in cases involving alleged ineffective assistance of counsel. *State v. Carberry,* 501 N.W.2d 473, 477 (Iowa 1993).

In evaluating an ineffective assistance of counsel claim, we look to see whether under all the circumstances, the performance of counsel fell below normal range. *Id.* (citations omitted). With respect to evidentiary objections, counsel need not take advantage of every opportunity to object in order to satisfy the standard of normal competency. *Id.*

We conclude it is unlikely the hearsay testimony Keesey is complaining about would affect the outcome. *See id.* The record before us shows the nonhearsay evidence of the other witnesses covered the very same subject the defendant complains of in Detective Venema's testimony. Consequently, we are unable to find a lack of normal competency from counsel's omission. *See id.*

## II. Sufficiency of Evidence.

Keesey next claims the district court erred in not granting his motion for judgment of acquittal. Keesey claims there was insufficient evidence to prove he was the individual who committed the offenses.

Denial of a motion for judgment of acquittal based on the alleged insufficiency of the evidence is reviewed on a "substantial evidence" standard. *State v. Schrier,* 300 N.W.2d 305, 306 (Iowa 1981). Substantial evidence means such evidence as could convince a rational trier of fact the defendant is guilty of the crime charged beyond a reasonable doubt. *Id.* The evidence is viewed in the light most favorable to the State, including legitimate inferences and presumptions which may fairly and reasonably be deduced from the record. *State v. Bass,* 349 N.W.2d 498, 500 (Iowa 1984). We consider all the evidence at trial, not just the evidence that supports the verdict. *State v. Robinson,* 288 N.W.2d 337, 340 (Iowa 1980).

We find substantial evidence supported the jury's verdicts. As discussed in Division I above, the hat discovered in G.L.'s bedroom was linked to Keesey. G.L.'s general description of the assailant was consistent with Keesey's general appearance. Keesey lived near the victim and according to his roommate Keesey returned home approximately ten minutes after G.L. ran for help. Keesey's behavior and statements following the crime were incriminating. During his interview with Detective Venema, Keesey stated he was aware the police had found a hat at the crime scene. However, authorities had not yet informed Keesey of this fact. Keesey also told Detective Venema and testified at trial that he was at the Gallery Lounge from the afternoon until 1:30 or 1:45

a.m. on the night in question. However, several Gallery employees testified Keesey was not there that night. In addition, a fellow inmate, Maurice White, testified Keesey told him that he had made a mistake in using the Gallery as an alibi because the people there knew he was not there.

We conclude a rational fact finder could have been convinced beyond a reasonable doubt that the defendant was guilty of sexual abuse in the third degree and burglary in the first degree because every element of each offense was established by substantial evidence.

**AFFIRMED.**