# IN THE COURT OF APPEALS OF IOWA

No. 13-0638
Filed July 30, 2014

**JON ANDREW WELTHA,**
        Petitioner-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Story County, Timothy J. Finn,

Judge.


        Petitioner appeals the district court decision denying his request for

postconviction relief from his convictions for assault, willful injury, and assault

causing bodily injury.  **AFFIRMED.**


        Andrew J. Boettger of Hastings, Gartin & Boettger, L.L.P., Ames, for

appellant.

        Thomas J. Miller, Attorney General, Darrel Mullins, Assistant Attorney

General, Stephen Holmes, County Attorney, and Keisha Creitsinger, Assistant

County Attorney, for appellee.


        Considered by Tabor, P.J., Bower, J., and Sackett, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**SACKETT, S.J.**

Petitioner Jon Andrew Weltha appeals from the district court decision denying his request for postconviction relief from his convictions for assault, willful injury, and assault causing bodily injury. Weltha claimed he received ineffective assistance at trial because defense counsel failed to (1) object to evidence of his prior bad acts, (2) object to evidence of his prior criminal history, (3) adequately advise him of his right to testify, and (4) offer a recording of a 911 call. We conclude Weltha has failed to show he received ineffective assistance of counsel and affirm the decision of the district court denying his request for postconviction relief.

## I.    Background Facts & Proceedings

Weltha was charged with sexual abuse in the third degree, willful injury causing bodily injury, and serious assault causing bodily injury. The State alleged Weltha had sexual relations with his girlfriend, Anna, against her will, then punched, head-butted, and choked her. The State submitted photographs of Anna's injuries. A physician testified Anna's injuries were consistent with her statements about the incident. Weltha was arrested after the incident. Both Weltha and Anna had injuries. Anna's injuries appeared to be defensive in nature and Weltha's story about what happened was vague.

On the sexual abuse charge, the jury found Weltha guilty of the lesser included offense of simple assault. The jury also found him guilty of willful injury and assault causing bodily injury. Weltha was determined to a habitual offender. The court denied Weltha's posttrial motions, and he was sentenced to a total of

sixteen years in prison. Weltha appealed, and his convictions were affirmed. *See State v. Weltha*, No. 09-1837, 2010 WL 5394731, at *2 (Iowa Ct. App. Dec. 22, 2010).

Weltha filed this application for postconviction relief. After a hearing, the district court denied his request, finding "The evidence of Mr. Weltha's guilt on these charges was overwhelming." The court determined Weltha had failed to show he received ineffective assistance of counsel.

## II.    Standard of Review

We review claims of ineffective assistance of counsel de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012). To establish a claim of ineffective assistance of counsel, an applicant must show (1) the attorney failed to perform an essential duty, and (2) prejudice resulted to the extent it denied the applicant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). An applicant has the burden to show by a preponderance of the evidence counsel was ineffective. *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

## III.    Ineffective Assistance

**A.**    Weltha contends he received ineffective assistance because defense counsel did not object, or move for a mistrial, when Anna testified about his prior bad acts. During direct examination, Anna was asked about her left eye, and she replied, "That is correct. He always—when he punched me, he always punched me in my left eye." Anna additionally testified:

> Q. Did you say anything when he straddled you?  A.  No.
> But I knew what was next.  I mean it's what always happened.
> Q.  Okay.  Could you tell if you were injured when he
> punched you in the left eye?  A.  Yes, I could because he hit me so

frequently and I could feel my eye getting bigger. And that's when I did tell him that I was going to call the police this time.

Other testimony by Anna included these statements:

> Q. Did he say anything between the time he took the phone from you and the time he head-butted you? A. No. I just told him to get out and that I was calling the police and he wasn't going to be able to beat me anymore. And he always promised that he wouldn't do it anymore but every time he still continued to do it.
> . . . .
> Q. Okay. What happened when he left? A. Then after he left I cried for a few minutes or whatever. I was just trying to get myself together before I was going to try and call for help. And then I looked out my window and saw him standing out by my car. And he always said that he would disable my vehicle and he's been known to cut brake lines, so I honestly thought that's what he was going to do to my vehicle.

Prior to trial, defense counsel filed a motion in limine seeking to exclude evidence of prior physical or sexual assaults between Weltha and Anna. The court did not rule on the motion prior to the trial. During the trial, defense counsel did not object to the statements above concerning prior physical abuse or cutting brake lines. Generally, under Iowa Rule of Evidence 5.404(b), evidence of prior bad acts is inadmissible "to prove the character of a person in order to show that the person acted in conformity therewith."

At the postconviction hearing, defense counsel testified he did not object because he believed too many objections could prejudice the jury against Weltha. Also, he believed some of Anna's testimony was helpful to Weltha, and he did not want to interrupt the flow of her testimony. Defense counsel also testified there were other ways of dealing with Anna's testimony, rather than objecting, such as pointing out inconsistencies in her statements. Defense

counsel believed Anna was overselling her claims of prior abuse and the jury would not find her believable.

In considering claims of ineffective assistance, there is a strong presumption counsel rendered adequate assistance and exercised reasonable professional judgment. *Kyle v. State*, 364 N.W.2d 558, 562 (Iowa 1985). In general, miscalculated trial strategies and mere mistakes in judgment do not rise to the level of ineffective assistance of counsel. *State v. Ledezma*, 626 N.W.2d 134, 143 (Iowa 2001). In fact, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland v. Washington*, 466 U.S. 668, 690-91 (1984).

"With respect to evidentiary objections, counsel need not take advantage of every opportunity to object in order to satisfy the standard of normal competency." *State v. Keesey*, 519 N.W.2d 836, 838 (Iowa Ct. App. 1994). Counsel's failure to object to certain evidence "may well have been motivated by a desire not to emphasize the allegedly objectionable testimony." *State v. Williams*, 334 N.W.2d 742, 745 (Iowa 1983). When counsel refrains from objecting to evidence for strategic reasons, there is no ineffective assistance of counsel. *See Fryer v. State*, 325 N.W.2d 400, 414 (Iowa 1982).

Defense counsel gave reasons for not objecting to testimony of Anna that there had been prior physical abuse and Weltha had been known to cut the brake lines of a car. We cannot say these were not plausible options. Weltha has failed to rebut the strong presumption that his counsel was effective. Furthermore, he has failed to show prejudice. As the district court found, the

evidence of Weltha's guilt was overwhelming; consequently, he has failed to show the result of the trial would have been different if objections to the evidence had been made.

**B.**     Weltha next claims he received ineffective assistance of counsel because defense counsel did not object, or seek a mistrial, after defense counsel played a portion of an audio recording of a police interview of Anna. He started the tape at a wrong place, and the jury heard Anna say, "He hit me and then he hit himself a bunch of times and said he was not going back to prison again."

This issue was raised in Weltha's motion for new trial. The district court determined Weltha failed to demonstrate there was a reasonable probability that but for defense counsel's purportedly unprofessional errors, the result of the trial would have been different. The court found Anna's remarks, which had been inadvertently aired to the jury by defense counsel, were not sufficiently prejudicial to prompt the jury's verdicts. The court stated, "The case was not that close and my confidence in the outcome has not been undermined in the least."

This issue was raised again in Weltha's application for postconviction relief, and again the court found Weltha had failed to show he was prejudiced by counsel's action. We agree with the district court that in considering the overwhelming evidence of his guilt, Weltha has not shown a reasonable probability the result of the trial would have been different if the jury had not heard Anna's statement. We affirm on this issue.

**C.**     Weltha claims he received ineffective assistance because defense counsel did not adequately advise him of his right to testify. At the postconviction

hearing, Weltha testified defense counsel never asked him if he wanted to testify and never explained the relative pros and cons of testifying.

Contrary to Weltha's assertions, he was asked on the record during trial, "Mr. Weltha, was it your choice not to testify here today?" and he replied, "Yes, sir." At the postconviction hearing, defense counsel testified he had two discussions with Weltha about whether he should testify. We conclude Weltha has not shown he received ineffective assistance due to counsel's failure to adequately advise him about testifying at his criminal trial.

**D.** Weltha asserts he received ineffective assistance because defense counsel did not offer a recording of a 911 call initiated by Weltha. Immediately after the incidents giving rise to the assault charges, Weltha went outside Anna's apartment and called 911, stating he had been sleeping when Anna started hitting him.

At the postconviction hearing defense counsel testified about why he had not offered a recording of the 911 call during the trial:

> It did not seem as though that was going to assist his justification defense. It supported what he said, there's no question about that. But given the events of that night and the fact that she had been injured given the photographs, and, I guess, the other problem was that the evidence—or given the injuries that she sustained, if we made too much of the case to the jury, that he essentially had no responsibility for what happened, my fear was the jury was not going to buy that. That would diminish his chance of getting an acquittal on the sexual abuse third offense charge.

Defense counsel had a valid strategic reason not to offer a recording of the 911 call during the trial. A counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually

unchallengeable." *Strickland*, 466 U.S. at 690-91. In fact, even miscalculated trial strategies and mistakes in judgment generally do not rise to the level of ineffective assistance of counsel. *Ledezma*, 626 N.W.2d at 143. We conclude Weltha has failed to show he received ineffective assistance due to counsel's failure to offer a recording of the 911 call during the trial.

After considering all of Weltha's claims of ineffective assistance of counsel, we affirm the decision of the district court denying his application for postconviction relief.

**AFFIRMED.**