# IN THE COURT OF APPEALS OF IOWA

No. 16-0567
Filed March 8, 2017

**BRUCE MARCEL BRAGGS,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

Appeal from the Iowa District Court for Linn County, Mitchell E. Turner, Judge.

Bruce Braggs appeals the denial of his application for postconviction relief. **AFFIRMED.**

Wallace L. Taylor of the Law Offices of Wallace L. Taylor, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**DANILSON, Chief Judge.**

Bruce Braggs was convicted following a jury trial of first-degree burglary and second-degree sexual abuse. In *State v. Braggs*, No. 09-1932, 2011 WL 2697740 (Iowa Ct. App. July 13, 2011), this court addressed his several allegations of error[1] and affirmed his convictions. We will not restate the background facts because they are set out at length in that prior opinion. *Braggs*, 2011 WL 2697740, at *1-3.

Braggs then filed an application for postconviction relief (PCR), alleging multiple counts of ineffective assistance of trial and appellate counsel, requesting relief based upon newly discovered evidence, and contending there is insufficient evidence to support his convictions. The district court carefully and thoroughly addressed each of his contentions and denied relief. On appeal, Braggs asserts the district court erred in rejecting his claims that trial counsel was ineffective in failing to obtain an expert witness to testify about the reliability of eyewitness identification, and his appellate attorney was ineffective in failing to challenge the trial court's admission of rebuttal testimony by the DCI chemist and failing to present a claim of prosecutorial misconduct in closing arguments.

---

[1] On direct appeal, Braggs asserted:
> [T]he district court erred in (1) denying his challenge to the jury panel, (2) denying his motion to strike potential jurors for cause, (3) overruling his objection to expert testimony, (4) overruling his chain of custody objection to the admission of evidence, (5) permitting the jury to listen to a recording of the 911 call during deliberations, (6) refusing to give a spoliation instruction, and (7) denying his motion for a new trial. In addition, Braggs asserts in his pro se brief the district court erred in not merging the burglary charge with the sexual abuse charge under section 701.9 [(2007)], and erred in refusing to give an instruction on the lesser offense of attempted burglary in the first degree.

*Braggs*, 2011 WL 2697740, at *1.

Our review of PCR proceedings is generally for correction of errors at law. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). However, we review constitutional claims such as ineffective assistance of counsel de novo. *Nguyen v. State*, 878 N.W.2d 744, 750 (Iowa 2016).

In order to succeed on a claim of ineffective assistance of counsel, an applicant must show counsel (1) breached an essential duty and (2) prejudice resulted. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "If we conclude a claimant has failed to establish either of these elements, we need not address the remaining element." *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). "[W]e begin with the presumption that the attorney performed competently. Moreover, we avoid second-guessing and hindsight." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001) (citations omitted). An accused is not entitled to perfect representation but only that level of representation that is within the normal range of competency. *State v. Artzer*, 609 N.W.2d 526, 531 (Iowa 2000).

**I. Trial counsel.** We note, first, Braggs' trial attorney thoroughly prepared for the criminal proceedings. We agree with the PCR court's characterization of his representation: "Mr. Braggs' trial counsel, Raphael Scheetz, obviously prepared his case meticulously and extensively. From the transcript of the trial, it appears that Mr. Scheetz raised timely objections, engaged in effective and focused cross-examination, and raised approximately [nineteen] pretrial motions."

At trial three witnesses—the victim and her two roommates—were asked to make eyewitness identifications of Braggs. The sexual abuse victim informed

police at the time that her assailant had his face wrapped throughout the incident and all she ever saw was his eyes, and consequently, she was never shown a photo lineup. She did, however, identify Braggs at the time of trial about two years later. Attorney Scheetz testified he did not consider an expert witness for this purpose because he felt "it was of common understanding" an identification made based on just someone's eyes "would be unreliable." We conclude trial counsel's strategic decision was reasonable. *See Ledezma*, 626 N.W.2d at 143 (noting "strategic decisions made after 'thorough investigation of law and facts relevant to plausible options are virtually unchallengeable'" (citation omitted)); *see also Osborn v. State*, 573 N.W.2d 917, 924 (Iowa 1998) (noting reasonable "[t]actical decisions . . . are immune from subsequent attack by an aggrieved defendant claiming ineffective assistance of counsel").

The victim's roommates were presented with photo lineups. One was unable to identify anyone in the photo lineup, and her testimony remained consistent through the trial. The other did identify a photo of Braggs as being the person she saw outside of the apartment complex that morning but qualified her identification both at the time of the photo lineup and in her testimony at trial that she was only seventy-five percent certain of her selection. Braggs asserts trial counsel should have engaged an expert witness to testify as to the reliability of photo lineups and eyewitness identifications. At the PCR trial, Braggs called Professor Jason Chen, an associate professor of psychology at Iowa State University, to testify about research investigating the reliability of photo lineups and eyewitness identification. Our review of Professor Chen's testimony does not convince us such testimony at the criminal trial would likely have changed the

result. Moreover, Scheetz cross-examined the witnesses vigorously and argued the victim's in-court identification of Braggs was not reliable. Yet, like the district court, we observe,

> significant DNA evidence, circumstantial evidence surrounding [Braggs'] presence at the scene of the crime, his discarding the allegedly white T-shirt that he was wearing in his attempt to elude police at the scene, the finding of a red T-shirt and another T-shirt in the woods in the immediate vicinity, as well as the disputed footprint on the window ledge could all, if believed by a jury, easily support a conviction.

Braggs has failed to establish either a breach of duty or prejudice on this ineffectiveness claim.

**II. Appellate counsel.** Braggs contends appellate counsel was ineffective in failing to raise two additional issues on appeal. First, he contends appellate counsel should have argued the State was improperly allowed to present rebuttal evidence over trial counsel's objection.

At trial in the State's case-in-chief, Dr. Amy Pollpeter testified about the results of the DNA testing done on Braggs' underwear and on a penile swab taken from Braggs. The defense called Dr. David Soll, who was critical of the analysis done by Dr. Pollpeter and the criminalistics lab and asserted the test results could be explained by contamination of the samples. Over Scheetz's objections, the State was allowed to recall Dr. Pollpeter for the limited purpose of addressing the issue of the contamination of the samples raised by the defense expert.

Rebuttal testimony is testimony that "explains, repels, controverts, or disproves evidence produced by the opposing party." *State v. Johnson*, 539 N.W.2d 160, 162-63 (Iowa 1995). "The trial court has considerable discretion in

admitting rebuttal evidence, including the discretion to admit evidence that technically could have been offered as part of the plaintiff's case-in-chief." *Carolan v. Hill*, 553 N.W.2d 882, 889 (Iowa 1996). And a "trial court's ruling will be disturbed only upon a clear abuse of discretion." *Id.* We acknowledge rebuttal is not intended to give a party a second bite at the apple and is not to be "merely cumulative." *Id.* But even if appellate counsel had raised the issue on appeal, the trial court did not clearly abuse its discretion in allowing the limited rebuttal testimony of Dr. Pollpeter to address the defense expert's specific criticisms.[2] Braggs has failed to prove appellate counsel was ineffective in this regard.

Second, Braggs maintains appellate counsel should have argued the prosecutor's closing argument improperly vouched for the credibility of the victim.[3] A prosecutor may not vouch for the credibility of a witness. *Graves*, 668 N.W.2d at 874. As explained by our supreme court:

> A prosecutor "is entitled to some latitude during closing argument in analyzing the evidence admitted in the trial." *State v.*

---

[2] Defense counsel specifically raised the issue of the limits of rebuttal testimony during the trial, before Dr. Pollpeter testified on rebuttal, and the district court informed all parties of such limitations.

[3] Braggs' brief labels appellate counsel's ineffectiveness as a failure to raise the issue of prosecutorial misconduct. We note the Iowa Supreme Court recently cautioned against conflating the terms prosecutorial misconduct, which generally describes "those statements 'where a prosecutor intentionally violates a clear and unambiguous obligation or standard imposed by law, applicable rule or professional conduct' as well as 'those situations where a prosecutor recklessly disregards a duty to comply with an obligation or standard,'" and prosecutorial error, which includes situations "'where the prosecutor exercises poor judgment' and 'where the attorney has made a mistake' based on 'excusable human error, despite the attorney's use of reasonable care.'" *State v. Schlitter*, 881 N.W.2d 380, 394 (Iowa 2016) (citations omitted).

We are to apply the multi-factor test outlined in *State v. Graves*, 668 N.W.2d 860, 877-78 (Iowa 2003), either way. *See Schlitter*, 881 N.W2d at 394 (stating the multifactor test set out to evaluate the statements in determining if there was misconduct and if that misconduct was prejudicial "easily translate to an evaluation of prosecutorial error").

*Phillips*, 226 N.W.2d 16, 19 (Iowa 1975). Moreover, a prosecutor may argue the reasonable inferences and conclusions to be drawn from the evidence. *Id.* A prosecutor may not, however, express his or her personal beliefs. *Id.*

> The key point is that counsel is precluded from using argument to vouch personally as to a defendant's guilt or a witness's credibility. This is true whether the personal belief is purportedly based on knowledge of facts not possessed by the jury, counsel's experience in similar cases, or any ground other than the weight of the evidence in the trial. A defendant is entitled to have the case decided solely on the evidence.

*State v. Williams*, 334 N.W.2d 742, 744 (Iowa 1983); *accord State v. Martens*, 521 N.W.2d 768, 772 (Iowa Ct. App. 1994) (stating, "vouching for a witness may induce the jury to trust the judgment of the prosecutor rather than their view of the evidence since the prosecutor's opinion carries the imprimatur of the Government").

*Id.*

To succeed on an ineffective-assistance-of-counsel claim based on prosecutorial misconduct, a defendant must establish: (1) proof of misconduct and (2) "the misconduct resulted in prejudice to such an extent that the defendant was denied a fair trial." *Id.* at 869. Having reviewed the closing arguments of counsel, we agree with the PCR court's findings and adopt them as our own:

> A fair review of the closing arguments convinces this court that the rebuttal argument of Harold Denton [the prosecutor] is not only fairly responsive but directly responsive to the closing arguments of Mr. Scheetz. There was no attempt to inflame the jury, and Mr. Denton does not personally vouch for [the complaining witness]. He appropriately commented that what [the complaining witness] had to endure provided no motivation for her to make the whole thing up. He further appropriately argued that other evidence substantiates the fact that this was not something that she fabricated. This court notes that defense counsel did object to the State's closing argument, but the objection was overruled by the trial judge. . . . Mr. Braggs has categorically failed to prove, even if the closing was somehow improper, that there was any resulting prejudice.

Braggs has failed to show either trial or appellate counsel provided constitutionally deficient representation.  We affirm the denial of postconviction relief.

**AFFIRMED.**