# IN THE COURT OF APPEALS OF IOWA

No. 18-1523
Filed October 9, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ROBERT RAY MANNETTER,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Floyd County, James M. Drew,

Judge.


        Robert Mannetter appeals his conviction of third-degree sexual abuse.

**AFFIRMED.**


        Mark C. Smith, State Appellate Defender (until withdrawal), and Ashley

Stewart, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney

General, for appellee.


        Considered by Tabor, P.J., and Mullins and May, JJ.

**MULLINS, Judge.**

Robert Mannetter appeals his conviction of third-degree sexual abuse.  He claims the district court abused its discretion in denying his motion for a new trial or in arrest of judgment in which he argued he was denied a fair trial due to prosecutorial error[1] in the State's closing rebuttal argument.  He alternatively argues his trial attorney was ineffective in allowing the prosecutorial error to occur or failing to request a mistrial based on the same.[2]

Mannetter only complains of the following excerpt of the State's closing rebuttal:

> I'm gonna start out by going over a few of the claims that were made by the defense.  And I want to give you what the State's perspective is in a few of the areas that I think they mischaracterized the evidence or maybe made some mistakes in how they were telling you that things happened.

After the foregoing, the prosecutor canvassed some of the evidence and provided the jury with her interpretation of it as opposed to the defense's interpretation. Mannetter also complains of the prosecutor's statements following the foregoing, that "It's a convenient claim to make now to try to explain things away" and "It's just a convenient claim to confuse or misdirect you from what actually happened."

The State claims Mannetter has failed to preserve error on his prosecutorial-error claim so he must proceed under an ineffective-assistance-of-counsel rubric,

---

[1] On appeal Mannetter characterizes the prosecutor's actions as both error and misconduct.  The prosecutorial misconduct analysis "easily translates to an evaluation of prosecutorial error."  *State v. Schlitter*, 881 N.W.2d 380, 394 (Iowa 2016).

[2] Recent legislation, effective July 1, 2019, foreclosed our ability to consider ineffective-assistance-of-counsel claims on direct appeal.  *See* 2019 Iowa Acts ch. 140, § 31 (codified at Iowa Code § 814.7).  Our supreme court recently ruled the new legislation does "not apply to a direct appeal from a judgment and sentence entered before July 1, 2019."  *State v. Macke*, ___ N.W.2d ___, ___, 2019 WL 4382985, at *1 (Iowa 2019).

claims of which are immune from error-preservation defects. *See State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010). We elect to bypass the State's error-preservation concerns and proceed to the merits. *See State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999).

While "it is improper for a prosecutor to call the defendant a liar, to state the defendant is lying, or to make similar disparaging comments," our supreme court has advised "a prosecutor is still free 'to craft an argument that includes reasonable inferences based on the evidence and . . . when a case turns on which of two conflicting stories is true, [to argue that] certain testimony is not believable." *State v. Graves*, 668 N.W.2d 860, 876 (Iowa 2003) (ellipsis and alteration in original) (quoting *State v. Davis*, 61 P.3d 701, 710–11 (Kan. 2003)). That is exactly what happened here. The central teaching of *Graves* is that the "defendant is entitled to have the case decided solely on the evidence." *Id.* at 874 (quoting *State v. Williams*, 334 N.W.2d 742, 744 (Iowa 1983)); *see also State v. Carey*, 709 N.W.2d 547, 556 (Iowa 2006). *Graves* error occurs when the prosecutor attempts to incite the passions of the jury by going outside the record of evidence. *See Carey*, 709 N.W.2d at 556. The complained-of statements did nothing of the sort.

Furthermore, Mannetter's claims of prosecutorial error and ineffective assistance of counsel in relation to the same would both require a showing of prejudice to warrant relief. *See State v. Harrison*, 914 N.W.2d 178, 188 (Iowa 2018) (ineffective assistance); *Graves*, 668 N.W.2d at 869 (prosecutorial error). The jury was specifically instructed it must base its verdict only upon the evidence presented and the court's instructions. The jury was also instructed that statements, arguments, and comments by the lawyers are not instructions.

Additionally, not long after the complained-of statements, defense counsel lodged an objection and requested a side bar, after which the court advised the jury, "I'll remind you as I previously stated that the statements made by counsel during closing arguments [are] not evidence. It should not be construed by you as evidence. It's merely representing the contention of each party." Appellate courts presume juries abide by the court's instructions, *State v. Sanford*, 814 N.W.2d 611, 620 (Iowa 2012); *State v. Hanes*, 790 N.W.2d 545, 552 (Iowa 2010), and we are thus unconvinced the complained-of statements had any prejudicial effect on the jury's verdict.

We reject Mannetter's arguments on appeal and affirm his conviction of third-degree sexual abuse.

**AFFIRMED.**