**STATE of Iowa, Appellee,**

v.

**Dennis Carl PHILLIPS, Appellant.**

**No. 57181.**

Supreme Court of Iowa.

Feb. 19, 1975.

Dan T. McGrevey, Fort Dodge, for appellant.

Richard C. Turner, Atty. Gen., David M. Dryer, Asst. Atty. Gen., Louie F. Beisser, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, LeGRAND, REES and REYNOLDSON, JJ.

MASON, Justice.

Dennis Carl Phillips was arrested and charged by county attorney's information with robbery with aggravation in violation of section 711.2, The Code, alleged to have been committed in Webster County December 28, 1973. He appeals from judgment and sentence following his conviction by a jury of the offense as charged.

The one issue presented for review by this appeal is whether the trial court erroneously overruled his motion for new trial based on the prosecutor's prejudicial introduction before the jury of a fabricated confession.

On the evening of December 28, 1973, the Five Acre Truck Stop Service Station in Fort Dodge was robbed at gunpoint. According to the testimony of Mr. Mike Albright, a seventeen-year-old employee of the truck stop, two masked men entered the building as he was talking on the telephone. Pointing a gun at Albright, one of the men ordered him to get a bag and fill it with money. This Albright did, and the robbers departed from the scene on foot.

Fort Dodge police officer Gene Volkmer, among others, was dispatched to the scene. He and another officer followed two sets of tracks from the truck stop across a snow covered field to the nearby Crouse Motel. These footprints apparently proceeded to and from the truck stop. Along this line, Ms. Helen Murphy, a live-in maid at the Crouse Motel, had just finished watching

television when she heard a noise at the back of the motel. She observed two boys jump a picket fence and enter room seven.

Meanwhile, Mr. Billy Anderson had been drinking beer and playing pool at a Fort Dodge tavern when Robert Miller, later implicated in the crime, requested a ride to the Crouse Motel. Anderson agreed and the two proceeded to the motel where they picked up defendant and another person. As the four drove from the motel parking area they were observed by two employees of the Webster County Sheriff's office and a highway patrolman. These officers stopped the Anderson vehicle when they observed money and a gun being thrown from a window. The four occupants of the car, including defendant, were placed under arrest.

A search of the car revealed a blue money bag containing money. This was later identified by Albright as the one he filled with money. The truck stop's key fit the lock of the money bag.

There was substantial confusion over what the robbers were wearing during the robbery. In any event, several winter coats were seized as evidence. Fort Dodge police officer Xavier Martin testified defendant asked for his coat the morning following the robbery. "The statement was made those coats that we had weren't used in the robbery anyway." There was no objection. The county attorney's comment in closing argument on this statement gives rise to defendant's appeal.

I. Defendant asserts it was prejudicial error to overrule his motion for a new trial based upon prosecutorial conduct during closing argument. The county attorney commented upon the above testimony by Officer Martin as follows: ·

"The only person who said one or a particular coat isn't the one used in the robbery was Phillips himself the next day to Xavier Martin. It was about ten below, taking them to the County Jail, which is right up above us—the only one coat to wear Xavier Martin wouldn't give them. Well, that's apparently the one he wanted, whichever the one, that's not the one I used in the robbery anyway."

Defense attorney immediately objected: "It is a complete misstatement of the record. That is not what the officer testified. It is extremely prejudicial. It is an attempt on the part of the County Attorney to change the record. Dennis Phillips did not say that and it is a very prejudicial statement."

The court overruled the objection and stated, "Ladies and gentlemen of the jury. You are the ones—you are the people to determine what a witness said and what a witness meant by what he was saying or any statement that comes in. This is part of your duty. Counsel, you may proceed."

Defense counsel did not pursue this matter further until in his motion for new trial. At that stage of the proceedings defendant asserted the statement by the county attorney in the closing argument wherein he quoted defendant is a fabrication of a nonexistent confession.

The court in denying the motion expressed the opinion counsel's argument was a fair inference to be drawn from defendant's statement to Officer Martin · which had been received in evidence.

■ In order to properly preserve for review in this court alleged error of counsel occurring during the course of jury argument it is the duty of the aggrieved party to call attention of the presiding judge to the alleged misconduct by timely objection and move by some proper procedure to give the trial court opportunity to correct the matter by admonition or further instruction or in the event the matter is sufficiently prejudicial by declaring a mistrial. It has been pointed out in several of our decisions that ordinarily where the aggrieved party does not object at trial to statements made by opposing counsel in his closing argument and does not move for a mistrial due to the alleged misconduct either at the time an improper argument is made or at the close of the argument before submission of the

case to the jury in those instances where the arguments are reported and constitute a part of the record such conduct indicates a willingness of counsel to take his chances on a favorable verdict and constitutes a waiver of the misconduct. Pose v. Roosevelt Hotel Company, 208 N.W.2d 19, 31 (Iowa 1973) and authorities cited.

Exceptions to the general principle where the misconduct is flagrantly improper and evidently prejudicial are recognized in Shover v. Iowa Lutheran Hospital, 252 Iowa 706, 717, 107 N.W.2d 85, 91, where authorities are cited. The alleged misconduct in the present case does not fall within the exceptions.

■ Under the present record it was not necessary for counsel to move for a mistrial in order to preserve the error asserted. As indicated, he promptly objected to the statement in the prosecutor's argument at the time it was made. The objection was overruled. Any error in this ruling was properly preserved. State v. Miller, 204 N.W.2d 834, 841 (Iowa 1973).

II. We turn to a consideration of the merits of defendant's contention.

As stated, Officer Martin testified, "The statement was made those coats that we had weren't used in the robbery anyway." The county attorney, on the other hand, summed up the statement as, " * * * that's not the one I used in the robbery anyway." The trial court overruled defendant's objection. In ruling on the same contention asserted in defendant's motion for new trial the trial court was of the view counsel's argument was a fair inference to be drawn from defendant's statement to Officer Martin.

Defendant claims the former statement was a denial of guilt and that the prosecutor "manipulated an innocent statement into a confession of complicity, and then quoted that fabricated confession to the jury." The State counters the prosecutor's statement was a fair inference of what had been stated in court, and in any event, if there were error, it was not prejudicial.

The issue is whether the prosecutor's remark was a logical inference deduced from the admitted evidence.

■ Counsel is entitled to some latitude during closing argument in analyzing the evidence admitted in the trial. He may draw conclusions and argue all permissible inferences which may reasonably flow from the record which do not misstate the facts. State v. Harless, 249 Iowa 530, 535–536, 86 N.W.2d 210, 213; State v. Wesson, 260 Iowa 331, 340, 149 N.W.2d 190, 196; State v. McConnell, 178 N.W.2d 386, 390 (Iowa 1970); State v. Whitfield, 212 N.W.2d 402, 406 (Iowa 1973). See also 23A C.J.S. Criminal Law § 1090 and 75 Am.Jur.2d, Trial, section 258.

■ Of course, counsel has no right to create evidence by his argument nor interject his personal beliefs. It is for the jury to determine the logic and weight of the conclusions drawn.

■ The comment of counsel under attack here was within the range of legitimate and appropriate comment upon the evidence.

Defendant's contention is without merit.

The case is therefore

Affirmed.