STATE of Iowa, Appellant,

v.

Steven Louis DALLEN, Appellee.

No. 89–701.

Supreme Court of Iowa.

March 21, 1990.

Thomas J. Miller, Atty. Gen., Bruce Kempkes and Richard Bennett, Asst. Attys. Gen., Thomas S. Mullin, County Atty., and Brian E. Buckmeier, Asst. County Atty., for appellant.

Raymond E. Rogers, State Appellate Defender, and Shari Barron, Asst. State Appellate Defender, for appellee.

Considered by HARRIS, P.J., and SCHULTZ, LAVORATO, SNELL and ANDREASEN, JJ.

ANDREASEN, Justice.

A jury found Steven Louis Dallen guilty of the crime of going armed with a dangerous weapon with intent to use without justification such weapon against the person of another, in violation of Iowa Code section 708.8 (1987). Prior to sentencing, the district court granted Dallen's motion in arrest of judgment. The State appeals from the district court order. We reverse and remand.

Dallen was charged with going armed with intent as a result of a shooting of a minor child by Dallen's fourteen-year-old stepchild. The "weapon" used was a .177–caliber $CO_2$ revolver capable of firing either pellets or BB's. The State claimed Dallen aided and abetted in the commission of the offense and he was tried as a principal.

At the close of all evidence, Dallen's motion for a judgment of acquittal based upon insufficient evidence was denied by the district court. The court instructed the jury as to the definition of a dangerous weapon. The jury found Dallen guilty of the crime charged. Dallen filed a combined motion for new trial and arrest of judgment. The district court granted the motion in arrest of judgment because it found insufficient evidence was presented to permit the jury to find the BB gun was a dangerous weapon.

A dangerous weapon is defined by statute. Iowa Code § 702.7 provides in part:

A *"dangerous weapon"* is any instrument or device designed primarily for use in inflicting death or injury upon a human being or animal, and which is capable of inflicting death upon a human being when used in the manner for which it was designed. Additionally, any instrument or device of any sort whatsoever which is actually used in such a manner as to indicate that the defendant intends to inflict death or serious injury

upon the other, and which, when so used, is capable of inflicting death upon a human being, is a dangerous weapon.

When the sufficiency of the evidence is challenged, we review the evidence in the light most favorable to the State, assisted by all reasonable inferences. *State v. Schrier*, 300 N.W.2d 305, 306 (Iowa 1981). Evidence includes both the testimony of witnesses and exhibits received at trial. We conclude the evidence would permit the jury to find the BB gun was a dangerous weapon.

■ The gun was received as an exhibit at trial. It is a heavy metal handgun approximately eleven inches in length. It is identified on the barrel as a "Crossman 1357 BB Caliber Model." Testimony and exhibits at trial clearly demonstrate the gun was fired six times at the victim with each BB piercing the skin of the victim causing bleeding. Dr. Thomas Bennett, the state medical examiner, testified $CO_2$ pellet–BB guns are capable of inflicting death upon a human being. He recalled a reported case where a BB was shot through the eye into the base of the brain causing death. In his opinion it is possible that a BB shot could damage an artery thus causing sufficient blood loss to produce death. Based upon this evidence the jury could conclude the gun was designed primarily for use in inflicting death or injury upon a human being or an animal.

Like a machete, a BB gun may be used for other purposes. Although a machete is used to cut through heavy thickets or to cut sugar cane and underbrush, we have determined it is a dangerous weapon. *State v. Franklin*, 368 N.W.2d 716, 719 (Iowa 1985); *see also State v. Mitchell*, 371 N.W.2d 432, 433 (Iowa App.1985) (martial arts weapon, nunchakus, designed primarily for use to inflict death or injury); *State v. Tusing*, 344 N.W.2d 253, 254 (Iowa 1984) (brass knuckles designed primarily for use to inflict death or injury). *Cf. State v. Seifert*, 256 N.W.2d 87, 88 (Minn.1977) (a Crossman .177–caliber $CO_2$ BB pistol was a "dangerous weapon"). The district court erred in concluding there was insufficient evidence to prove the BB gun was a dangerous weapon.

■ We have reviewed the sufficiency of evidence challenge as it relates to the post-trial motions filed by Dallen and in response to the issues raised by the parties on appeal. This review of the sufficiency of the evidence is applicable only to the motion for new trial. Iowa R.Crim.P. 23(2)(b)(5). Under Iowa Rule of Criminal Procedure 23(3)(a) a motion in arrest of judgment should be granted only when upon the whole record no legal judgment can be pronounced. Although the motion may be filed after a verdict of guilty, it is usually made to challenge the adequacy of a guilty plea. A motion in arrest of judgment may not be used to challenge the sufficiency of evidence. *State v. Oldfather*, 306 N.W.2d 760, 762 (Iowa 1981); *State v. Young*, 153 Iowa 4, 6, 132 N.W. 813, 814 (1911). The district court erred in granting the motion in arrest of judgment based upon sufficiency of evidence.

REVERSED AND REMANDED.