# IN THE COURT OF APPEALS OF IOWA

No. 12-1032
Filed July 30, 2014

**ODELL EVERETT JR.,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Black Hawk County, Bradley J.
Harris, Judge.

    An applicant appeals the dismissal of his second application for post-
conviction relief. **AFFIRMED.**

    D. Raymond Walton of Beecher Law Offices, Waterloo, for appellant.

    Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney
General, Thomas J. Ferguson, County Attorney, and Kimberly Griffith, Assistant
County Attorney, for appellee State.

    Considered by Vaitheswaran, P.J., and Doyle and McDonald, JJ.

**VAITHESWARAN, P.J.**

Odell Everett, Jr. appeals a district court order dismissing his second application for postconviction relief on the ground that it was time-barred.

## I.    *Background Proceedings*

A jury found Everett guilty of first-degree robbery.  This court affirmed his judgment and sentence in 2005 and procedendo issued shortly thereafter.  *See State v. Everett*, No. 04-1343, 2005 WL 1106547 (Iowa Ct. App. May 11, 2005).

In the ensuing years, Everett filed a postconviction relief application, which was denied.  The denial was affirmed by the Iowa Supreme Court.  *Everett v. State*, 789 N.W.2d 151 (Iowa 2010).  He also filed a motion for correction of an illegal sentence, asserting there was insufficient evidence to establish he was armed with a dangerous weapon.  The district court denied this motion.

Everett filed a second postconviction relief application in 2010.  He alleged his trial attorney failed to review the definition of a "dangerous weapon" and failed to argue that the weapon he carried was outside the definition.  The State moved to dismiss the petition on the ground that it was time-barred under Iowa Code section 822.3 (2009).  The district court concluded the petition was indeed untimely because it was filed more than three years after procedendo issued in Everett's direct appeal and because his ineffective-assistance-of-counsel claim could have been raised within three years.  On appeal, Everett attacks the district court's decision on a number of grounds.

## II.    *Analysis*

Iowa Code section 822.3 states:

> [A]pplications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.

Iowa Code § 822.3. This provision requires an applicant to file a petition within three years from the date a writ of procedendo issues. By its terms, "from the date procedendo is issued" refers to the date procedendo issued in the direct appeal, not in the appeal from the denial of the first postconviction relief application, as Everett claims.[1] As noted, procedendo in the direct appeal issued in 2005 and Everett did not file his second postconviction relief application until 2010. Everett was two years too late.

This brings us to the statutory exception for "a ground of fact or law that could not have been raised within the applicable time period." *Id.* Everett contends an unpublished decision of this court enunciated a rule of law that could not have been raised earlier. *See State v. Lucius*, No. 07-1445, 2008 WL 3367541 (Iowa Ct. App. August 13, 2008). In fact, *Lucius* relied on established precedent dating back to 1990. *See State v. Greene*, 709 N.W.2d 535, 537 (Iowa 2006); *State v. Dallen*, 452 N.W.2d 398, 399 (Iowa 1990). The opinion did not create a new ground of law that entitled Everett to file his application outside the three-year limitations period.

Nor can Everett circumvent the time-bar by contending his attorneys were ineffective in failing to raise his challenge to the knife; the Iowa Supreme Court

---

[1] Everett makes a two-fold argument. First, he contends the time began to run from the date procedendo issued in the first postconviction relief appeal and, second, he argues the first postconviction application tolled the running of the limitations period. This court rejected a similar argument in *Campbell v. State*, No. 12-1523, 2014 WL 468200, at *1-2 (Iowa Ct. App. Feb. 5, 2014).

has unequivocally rejected that type of end-run around section 822.3. *See Whitsel v. State*, 525 N.W.2d 860 (Iowa 1994) (stating ineffective assistance of counsel does not "constitute a claim that 'could not have been raised with the applicable time period' under section 822.3."); *Wilkins v. State*, 522 N.W.2d 822, 824 (Iowa 1994) (noting Wilkins had three opportunities to raise ineffectiveness of trial counsel and could not use claim to circumvent time bar.); *see also Dible v. State,* 557 N.W.2d 881, 885 (Iowa 1996) ("If the legislature had intended that ineffective assistance of counsel serve as an exception to the statute of limitations, it would have said so."), *abrogated on other grounds by Harrington v. State,* 659 N.W.2d 509, 520-21 (Iowa 2003).

We turn to Everett's assertion that the "equitable tolling doctrine" permitted the filing of the second application. We question whether this issue was preserved for our review but, by-passing that concern, we have found no precedent to support the application of this doctrine to untimely-filed postconviction-relief applications.[2]

We are left with Everett's cursory argument that if he is not allowed to proceed with his second petition his right to due process will be violated. This argument was not preserved for our review but, in any event, is premised on ineffective assistance of prior counsel which, as noted, is not an exception to the time bar.

---

[2] *See Majors v. State*, No. 12-1090, 2013 WL 2637599, at *5 (Iowa Ct. App. June 12, 2013) ("Iowa law has never before applied the doctrine of equitable tolling to the statute of limitations contained in section 822.3"); *Fagan v. State*, No. 10-0739, 2012 WL 3854635, at *5 (Iowa Ct. App. Sept. 6, 2012) (declining to apply doctrine in absence of Iowa authority authorizing its application in post-conviction context); *Rieflin v. State,* No. 11–1044, 2012 WL 3590453, at *2 (Iowa Ct. App. Aug. 22, 2012) (noting equitable tolling doctrine "has not been recognized in Iowa.").

We conclude the district court did not err in dismissing the postconviction-relief application as time-barred.

**AFFIRMED.**