# IN THE COURT OF APPEALS OF IOWA

No. 20-0410
Filed April 14, 2021

**BERNARD ANTHONY SMITH,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Story County, Bethany J. Currie, Judge.

Bernard Anthony Smith appeals from the denial of his application for post-conviction relief. **AFFIRMED.**

Gary Dickey of Dickey, Campbell & Sahag Law Firm, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee State.

Considered by Mullins, P.J., and May and Schumacher, JJ.

**SCHUMACHER, Judge.**

Bernard Smith appeals the denial of his application for postconviction relief (PCR). Smith claims his trial counsel was ineffective for failing to investigate and interview eyewitnesses and in failing to object to statements made by the prosecutor during closing arguments that misrepresented the evidence. We affirm the decision of the district court.

## I. Background Facts

The manager of an Ames restaurant discovered Smith inside on September 20, 2017, during hours the establishment was not open to the public. Smith was previously employed at the restaurant; however, his last day of employment was June 13, 2017. At the time of discovery, Smith was "scrunched" behind the bar where the unopened liquor was kept. A large green bag containing three unopened bottles was in close proximity to Smith. On the day in question, there were several electricians working inside the restaurant. The restaurant manager confronted Smith. Smith refused to answer, stood up, and left the building. The restaurant manager followed Smith outside, and an officer in the area apprehended Smith. At trial, Smith's counsel argued Smith's presence in the restaurant was for the purpose of applying for employment. Following jury trial, Smith was convicted of second-degree burglary.

## II. Standard of Review

"We generally review the denial of an application for [PCR] for correction of errors at law." *Sauser v. State*, 928 N.W.2d 816, 818 (Iowa 2019). "However, our review is de novo when the basis for [PCR] implicates a constitutional violation." *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019).

**III. Proceedings**

After being found guilty of second-degree burglary, Smith was subject to the habitual offender enhancement under Iowa Code section 902.8 (2017). Smith was sentenced to an indeterminate fifteen-year period of incarceration. Smith appealed. On direct appeal, the Iowa Supreme Court affirmed the burglary conviction but remanded the habitual offender enhancement for a new trial or guilty plea. Smith filed the instant application for postconviction relief on March 29, 2019.[1] Procedendo on the direct appeal issued April 30, 2019. Following remand, Smith admitted the sentencing enhancement was applicable and was resentenced on May 24, 2019. He did not file a second direct appeal. Smith's March 2019 PCR application was denied by the district court, and Smith appeals from the denial of that application.

**IV. Analysis**

Smith highlights two areas as demonstrating his trial counsel was ineffective. First, Smith contends his counsel breached an essential duty by not investigating and interviewing two electricians who were present in the restaurant when Smith was discovered. Second, Smith argues the prosecutor made statements that misrepresented the evidence in the State's closing argument and his counsel breached an essential duty by failing to object to the statements.

To establish an ineffective-assistance-of-counsel claim requires the applicant to show by a preponderance of the evidence that: "(1) trial counsel failed to perform an essential duty, and (2) [the] failure resulted in prejudice." *Sauser*,

---

[1] The instant appeal involves case PCCR051244. Smith filed a previous PCR application in case PCCR050751 but such was dismissed on Smith's motion.

929 N.W.2d at 818 (citation omitted); *accord Strickland v. Washington*, 466 U.S. 668, 687 (1984). Failure to prove either prong is fatal to an ineffective-assistance-of-counsel claim. *State v. Tompkins*, 859 N.W.2d 631, 637 (Iowa 2015).

Under the first prong, "we begin with the presumption that the attorney performed competently." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). We "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. Haas*, 930 N.W.2d 699, 703 (Iowa 2019) (citation omitted). An applicant must rebut the presumption by proving trial counsel "perform[ed] below the standard demanded of a reasonably competent attorney." *Id.* (citation omitted). "This is more than a showing that a trial strategy backfired or that another attorney would try the case differently." *State v. Lorenzo Baltazar*, 935 N.W.2d 862, 869 (Iowa 2019). "We will not find counsel incompetent for failing to pursue a meritless issue." *State v. Brubaker*, 805 N.W.2d 165, 171 (Iowa 2011).

Under the second prong, to establish prejudice, "a[n] [applicant] must show a reasonable probability that the result of the trial would have been different." *State v. Ambrose*, 861 N.W.2d 550, 557 (Iowa 2015). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

**A. Failure to Investigate Witnesses**

Smith claims his counsel breached an essential duty by not investigating and interviewing two electricians who were present during the burglary. Without determining whether counsel breached an essential duty by failing to investigate and interview the electricians, we reject Smith's argument on the prejudice prong.

The electricians who were present during the burglary were later interviewed by the State, and although they both remembered working inside the restaurant that day, neither of them remembered seeing Smith. Additionally, Smith stated at the postconviction trial that he had "no idea what they would say." Smith, therefore, failed to prove by a preponderance of the evidence that his counsel's failure to investigate and interview the electricians resulted in prejudice. Smith has failed to demonstrate a reasonable probability that the result of the trial would have been different. *See Ambrose*, 861 N.W.2d at 557. We reject Smith's first claim.

**B. Failure to Object to Inferences in State's Closing Argument**

Smith also contends the prosecutor made statements in closing arguments that misrepresented the evidence and that his counsel breached an essential duty by not objecting to them. Specifically, Smith argues the prosecutor claimed Smith brought the green bag into the restaurant or otherwise possessed it once inside, and because the State presented no evidence at trial that Smith brought in the bag, trial counsel breached an essential duty by failing to object. Smith cites to the trial transcript, where the prosecutor made the alleged objectionable statements during closing arguments:

> Well, Mr. Smith was behind the bar and he's got this green grocery sack behind the bar with him. Where did it come from? It's directly in front of him sitting on the floor with the liquor bottles in it.
> And the testimony was they don't use these in the bar for any purpose. And the testimony was Tracy Jones had never seen one of these in the bar before, so where did it come from? Well, the Defendant had to have brought this bag with him. And why would he bring the bag with him unless he was going to put something in it.
> So he brought this bag with him because when he went into that bar that morning he was going to steal liquor. That's why he brought this bag with him and that proves specific intent.
> . . . .

> The sack, again why did he bring the green grocery bag with him if he wasn't going to steal and why was he hiding behind the bar and why didn't he say anything to Tracy when she started questioning him?
>
> . . . .
>
> And in this case we have both direct evidence that the Defendant committed the crime in the form of testimony from Tracy Jones who saw him behind the bar. Saw him hunched over with this bag of liquor in front of him. That's direct evidence. The bag is direct evidence. Him having the bag is direct evidence of his intent to commit a theft.
>
> And the circumstantial evidence of his intent to commit a theft is there in his actions in hiding behind the bar with a green bag. It's all circumstantial evidence to show what his intent was because he didn't actually pick up the bag and leave with it.

We begin our analysis concerning Smith's second argument by acknowledging a prosecutor "is entitled to some latitude during closing argument in analyzing the evidence admitted in the trial." *State v. Graves*, 668 N.W.2d 860, 874 (Iowa 2003) (quoting *State v. Phillips*, 226 N.W.2d 16, 19 (Iowa 1975)). "Moreover, a prosecutor may argue the reasonable inferences and conclusions to be drawn from the evidence." *Id.* Here, the prosecutor linked the evidence admitted to Smith's intent to commit theft and such inference was not a misrepresentation of the evidence. It was within the prosecutor's latitude to draw that inference from the evidence. Because counsel has no duty to raise a meritless claim, Smith's counsel was not ineffective for failing to raise the argument. We conclude trial counsel did not breach an essential duty in failing to object.

Even if we assume that Smith's trial counsel should have objected to the prosecutor's statements, Smith failed to demonstrate there was a reasonable probability the jury would have reached a different verdict, which is fatal to his claim. The evidence presented at trial is inconsistent with Smith's theory that he was in the restaurant to apply for employment. Smith was located "scrunched

down" behind the bar during hours the restaurant was not open to the public next to a bag containing bottles of alcohol. Rather than respond to the restaurant manager's inquiries when discovered behind the bar, Smith left the restaurant. Such evidence is not indicative of a job search. We find Smith unable to demonstrate prejudice due to the prosecutor's statements in closing arguments. *See Ambrose*, 861 N.W.2d at 557. We reject Smith's second claim.

**V. Conclusion.**

Having reviewed the claims presented to us, we conclude that the PCR court properly denied Smith's PCR application and we affirm.

**AFFIRMED.**