# IN THE COURT OF APPEALS OF IOWA

No. 19-1560
Filed June 16, 2021

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**JEFFRY BRIAN WAITE,**
　　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Ian K. Thornhill, Judge.

Jeffry Waite appeals his convictions and sentences for one count of lascivious conduct with a child and five counts of sexual abuse in the third degree. **AFFIRMED.**

Philip B. Mears of Mears Law Office, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., Schumacher, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**VOGEL, Senior Judge.**

Jeffry Waite appeals his convictions and sentences for one count of lascivious conduct with a child and five counts of sexual abuse in the third degree. He argues the State's expert witness directly and the prosecutor indirectly vouched for the complaining witness's credibility, his convictions are not supported by sufficient evidence, and the district court abused its discretion in imposing consecutive terms of incarceration. We reject his claims and affirm.

**I. Background Facts and Proceedings**

E. was born in 1999. E. met Waite in or around 2005. E.'s mother soon began dating Waite, and E.'s family moved into Waite's home in Iowa City approximately one year later. E's mother and Waite married in 2008.

E. testified Waite committed several acts of sexual misconduct on her. One day in or around 2011, E. was riding in Waite's vehicle when Waite dared her to "moon"[1] another vehicle. E. did so, and Waite then dared her to "flash"[2] him. E. refused, and Waite told her not to tell her mother about the dare. Waite later asked E. to flash him "several more times," which she eventually did along with exposing her buttocks and vagina to him at his urging. Exposing herself to him improved his mood immediately and brought peace to the household. Waite eventually began sneaking into E.'s room while she slept and running his hand up her leg and over her body, though he always stopped when she pretended to wake.

---

[1] E. described mooning as "when you pull your pants down and put your butt on the window."

[2] E. described flashing as "when you lift your shirt up and show someone your boobs."

Waite directed E. to perform acts of "service," that "you do good things to make up for bad things that you've done." One day in the summer of 2015, Waite penetrated E.'s vagina with his finger as her act of "service" for being late to a driving test. After the digital penetration, her acts of "service" became explicitly sexual, including Waite using a sex toy in and around E.'s vagina, E. masturbating Waite, and E. performing oral sex on Waite. On one occasion, Waite attempted anal intercourse on E. and then performed vaginal intercourse on her.

E. moved out of Waite's home in August 2017 when she left for college. E. began talking to a counselor and then a therapist later that year. E.'s mother told Waite she wanted a divorce in December 2017, and they divorced in February 2018. E. first told her mother in June of 2018 that Waite had been abusing her. Around the same time, E. first contacted law enforcement regarding Waite's acts.

Waite was arrested and charged, and he proceeded to a jury trial on June 25 to 28, 2019. The jury found Waite guilty of one count of lascivious conduct with a minor[3] and five counts of sexual abuse in the third degree.[4] The district court

---

[3] Under the jury instructions, the State must prove the following elements for count one, lascivious conduct with a minor:
> 1. On or about June 2012 through 2015, the Defendant persuaded or coerced [E.] with or without her consent, to disrobe or partially disrobe.
> 2. The Defendant engaged in such conduct with the specific intent to arouse or satisfy the sexual desires of the Defendant or [E.].
> 3. At the time of the conduct, the Defendant was then 18 years of age or older.
> 4. At the time of the conduct, the Defendant was in a position of authority over [E.].
> 5. At the time of the conduct, [E.] was under the age of 18 and never married.

[4] Under the jury instructions, the State must prove Waite performed the following actions by force or against E.'s will for counts two to six, sexual abuse in the third degree:

sentenced Waite to 365 days in jail on count one and terms of incarceration not to exceed ten years in prison on counts two through six. The court ran counts one, two, and three concurrently with each other and counts four and five concurrently with each other, with counts one/two/three, four/five, and six run consecutively to each other, for a total term of incarceration not to exceed thirty years. Waite appeals.

## II. Standard of Review

We review decisions on the admissibility of expert witness testimony for abuse of discretion. *State v. Dudley*, 856 N.W.2d 668, 675 (Iowa 2014). We also review decisions "on claims of prosecutorial misconduct for abuse of discretion, which occurs when 'a court acts on grounds clearly untenable or to an extent clearly unreasonable.'" *State v. Coleman*, 907 N.W.2d 124, 134 (Iowa 2018) (quoting *State v. Krogmann*, 804 N.W.2d 518, 523 (Iowa 2011)). "We review sufficiency of the evidence for correction of errors at law." *State v. Donahue*, 957 N.W.2d 1, 7 (Iowa 2021) (quoting *State v. Kelso-Christy*, 911 N.W.2d 663, 666

---

[Count Two.] On or about June 2015 through August 2015, the Defendant performed a sex act, inserting his finger into the vagina of [E.].

[Count Three.] On or about June through August 2015, the Defendant performed a sex act, inserting a sex toy into the vagina of [E.].

[Count Four.] On or about June through August 2015, the Defendant performed a sex act, causing his genitals to make contact with the anus of [E.].

[Count Five.] On or about June through August 2015, the Defendant performed a sex act, penetrating the vagina of [E.] with his penis.

[Count Six.] On or about June of 2016 through June [of] 2017, the Defendant performed a sex act, causing the mouth of [E.] to make contact with his genitals.

(Iowa 2018)).  When a sentence is authorized by statute, we review the sentence for an abuse of discretion.  *State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016).

### III. Vouching

#### A. *Expert witness testimony*

Waite argues the State impermissibly allowed for the vouching of E.'s credibility through the expert witness testimony of therapist Kate Haberman.  "Expert testimony in child sexual abuse cases can be very beneficial to assist the jury in understanding some of the seemingly unusual behavior child victims tend to display."  *Dudley*, 856 N.W.2d at 675.  Expert witnesses may "express opinions on matters that explain relevant mental and psychological symptoms present in sexually abused children."  *Id.* at 676 (quoting *State v. Myers*, 382 N.W.2d 91, 97 (Iowa 1986)).  Permissible topics for expert witnesses include testimony about "typical symptoms exhibited by a person after being traumatized" and "why children victims may delay reporting their sexual abuse."  *Id.* (citations omitted).  However, "expert testimony is not admissible merely to bolster credibility."  *Id.*  In other words, "an expert witness cannot give testimony that directly or indirectly comments on the child's credibility."  *Id.* at 677.

Early in Haberman's testimony, she established she knows nothing about E. as she has never examined, interviewed, or met E.  Our review of her testimony shows she testified generally about child sex abuse and trauma without commenting on E.'s credibility.  Waite in his brief acknowledges Haberman "testified in generalities about sex abuse where children were the victims." We find Haberman's testimony stayed well within permissible boundaries and therefore there was no abuse of discretion in admitting Haberman's expert testimony.

B. *Prosecutorial misconduct*

Waite also argues the State committed prosecutorial conduct during closing arguments by indirectly vouching for E.'s credibility through references to Haberman's testimony.[5] "A prosecutor 'is entitled to some latitude during closing argument in analyzing the evidence admitted in the trial.'" *State v. Graves*, 668 N.W.2d 860, 874 (Iowa 2003) (quoting *State v. Phillips*, 226 N.W.2d 16, 19 (Iowa 1975)). "Moreover, a prosecutor may argue the reasonable inferences and conclusions to be drawn from the evidence." *Id.* "A prosecutor may not, however, express his or her personal beliefs." *Id.* "The key point is that counsel is precluded from using argument to vouch personally as to a defendant's guilt or a witness's credibility." *Id.* (quoting *State v. Williams*, 334 N.W.2d 742, 744 (Iowa 1983)). Prosecutorial misconduct requires a new trial when the misconduct causes "prejudice to such an extent that the defendant was denied a fair trial." *Id.* The factors to consider in determining prejudice are "(1) the severity and pervasiveness

---

[5] The State argues Waite did not preserve error on his claim of prosecutorial misconduct because he did not object to the prosecutor's comments until after the prosecutor finished speaking. *See Krogmann*, 804 N.W.2d at 524 (stating error preservation rules "require parties to alert the district court 'to an issue at the time when corrective action can be taken'" (quoting *Top of Iowa Coop. v. Sime Farms, Inc.*, 608 N.W.2d 454, 470 (Iowa 2000))). However, our supreme court has expressed concerns about prejudice resulting from a party making repeated objections during closing arguments and found, "'[w]here the closing arguments are reported,' a party's 'objection to the remarks of counsel during final jury argument urged at the close of the argument in motion for mistrial made before submission to the jury is timely.'" *Kinseth v. Weil-McLain*, 913 N.W.2d 55, 67 (Iowa 2018) (alteration in original) (quoting *Andrews v. Struble*, 178 N.W.2d 391, 401–02 (Iowa 1970)). Therefore, Waite's objection at the conclusion of the prosecutor's comments was sufficient to preserve error for our review. *See id.* To the extent the State asks us to use a different error-preservation standard for claims of prosecutorial misconduct in criminal proceedings, we have no authority to do so. *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent.").

of the misconduct; (2) the significance of the misconduct to the central issues in the case; (3) the strength of the State's evidence; (4) the use of cautionary instructions or other curative measures; and (5) the extent to which the defense invited the misconduct." *Id.* (citations omitted).

Waite claims the prosecutor committed misconduct with these comments on Haberman's testimony during closing arguments:

> What else is that consistent with? When you think back on the testimony of all the witnesses that you heard from, witnesses that have no motive, no other reason to be here yesterday except to tell you what they know and what their experience is, think about the testimony of Kate Haberman. How did she explain that behavior, and is it consistent with the testimony that [E.] gave?
> . . . .
> Also consider, in determining whether or not these acts were done against the will of [E.], other testimony that you believe or that you find believable. And again, I'm referring you back to the testimony of Miss Haberman when she talked about what the brain does during trauma. There's a, you know, portion of our brain that is active during trauma. That logic and reason shuts down because our brain just needs to survive. And in order to survive, the brain does what? Fight or flight—everyone's very familiar with that—freezing or fawning.
> What evidence did you hear that is consistent with that? [E.] told you . . . .
> . . . .
> Again, think back to the testimony, if you find it credible and believable. What is consistent with what Miss Haberman testified to here? All of those things that he did to overcome her will. She says that sex abuse is different in the sense that a perpetrator makes the person feel like they are an active participant in this, that they want it, that they—this is part of it. This isn't something being done to them. This is something they're engaging in. All of that is a circumstance that shows that these were all done against [E.'s] will.
> . . . .
> The text messages that [E.] sent the defendant. [E.] told you, "I kept messaging him. He was the only father figure, really, in my life. It felt normal. It felt weird not to talk to him." And you heard from Kate Haberman that's really normal for children who've been sexually abused. That's part of the sexual abuse, that the perpetrator is someone that they love or loves them or at least thinks they love them.

And that's why she continued to message him, and she did, and she didn't try to hide that from you. She told you directly. And Kate Haberman told you that kids would rather feel they're—their need to belong is more important a lot of time than their need to be safe.

The prosecutor's comments on Haberman's testimony and whether it was consistent with E.'s testimony are fair arguments drawn from the evidence. *See State v. Martens*, 521 N.W.2d 768, 772 (Iowa Ct. App. 1994) ("The credibility of witnesses is a proper subject for discussion during closing argument."). The prosecutor did not express her personal beliefs in her closing arguments. Furthermore, even if the prosecutor committed misconduct, the court minimized prejudice by cautioning the jury prior to closing arguments that counsels' comments "are not evidence, nor should they be construed by you as evidence or instructions on the law." *See State v. Musser*, 721 N.W.2d 734, 756–57 (Iowa 2006) (finding the defendant was not prejudiced when the jury was instructed "to decide the defendant's guilt or innocence from the evidence and the law in these instructions, and that evidence did not include statements, arguments, and comments by the lawyers"). Therefore, we find no abuse of discretion in rejecting Waite's claims of prosecutorial misconduct.

### IV. Sufficiency of the Evidence

Waite argues the evidence is not sufficient to support his convictions. E. testified in detail that Waite subjected her to years of trauma and sexual abuse. Her testimony alone is sufficient evidence to support all six counts. *See Donahue*, 957 N.W.2d at 10–11 ("A sexual abuse victim's testimony alone may be sufficient evidence for conviction."); *State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993) ("The jury is free to believe or disbelieve any testimony as it chooses and to give

weight to the evidence as in its judgment such evidence should receive."). Waite apparently concedes E.'s testimony, if believed, is sufficient evidence to support his convictions as he does not question whether her testimony fails to support any element of his six charges. Instead, Waite points to several claimed inconsistencies in E.'s testimony—including E.'s incorrect statement that Waite was uncircumcised—and asserts E.'s testimony is so unreliable it cannot constitute sufficient evidence. *See Donahue*, 957 N.W.2d at 7 (stating sufficient evidence "would convince a rational fact finder the defendant is guilty beyond a reasonable doubt" (quoting *Kelso-Christy*, 911 N.W.2d at 666)). We do not view these inconsistencies as so significant they render E.'s testimony unreliable. *See id.* at 11 ("Inconsistencies and lack of detail are common in sexual abuse cases and do not compel a jury to conclude that the victim is not credible or that there is insufficient evidence to support a guilty verdict."). Therefore, we find sufficient evidence to support Waite's convictions on all six counts.

**V. Sentencing**

Waite's final argument is the district court did not sufficiently explain its reasoning for imposing consecutive terms of incarceration. "The Iowa Rules of Criminal Procedure state a 'court shall state on the record its reason for selecting the particular sentence' it imposes on the defendant." *State v. Thompson*, 856 N.W.2d 915, 918–19 (Iowa 2014) (quoting Iowa R. Crim. P. 2.23(3)(d)). "This requirement ensures defendants are well aware of the consequences of their criminal actions." *Id.* at 919. "Most importantly, the sentence statement affords our appellate courts the opportunity to review the discretion of the sentencing

court." *Id.* "The district court can satisfy this requirement by orally stating the reasons on the record or placing the reasons in the written sentencing order." *Id.*

At the sentencing hearing, the district court provided the following reasons for imposing consecutive sentences:

> First of all, the nature and duration of this conduct warrants capturing the conduct in these consecutive sentences. The defendant undertook a grooming period with the victim and then the behavior escalated over a period of at least two years. Not to minimize the earlier sexual abuse, but certainly the conduct became more severe and more frequent, warranting the additional punishment.
> As I said, I was the trial judge in this case. I listened to all of the testimony and I believe everything [E.] said at trial.
> So I find that this sentence imposed is appropriate. Both the severity, the duration, and the harm that it's caused to [E.].

In the written sentencing order, the court again gave its reasoning: "The reasons for the consecutive sentences are the nature and duration of this conduct, Defendant undertook a grooming period with the victim with the behavior escalating over a period of at least two years, and the harm to the victim." Waite faults the court for not explaining why it grouped certain counts together to run concurrently, essentially arguing the court should have better explained why it imposed a sentence more severe than running all six terms of incarceration concurrently. The court explained why it ran some terms of incarceration consecutively, and we do not believe the court was required to provide Waite's requested level of detail in its reasoning. *See State v. Thacker*, 862 N.W.2d 402, 408 (Iowa 2015) ("[A] 'terse and succinct' statement may be sufficient, 'so long as the brevity of the court's statement does not prevent review of the exercise of the trial court's sentencing discretion.'" (quoting *State v. Johnson*, 445 N.W.2d 337, 343 (Iowa 1989))). We find the court's stated reasons are sufficient for our review.

An additional component of Waite's sentencing argument is his assertion the district court relied on unproven conduct in imposing consecutive sentences. "[W]e will set aside a sentence and remand a case to the district court for resentencing if the sentencing court relied upon charges of an unprosecuted offense that was neither admitted to by the defendant nor otherwise proved." *State v. Sailer*, 587 N.W.2d 756, 762 (Iowa 1998) (quoting *State v. Black*, 324 N.W.2d 313, 315 (Iowa 1982)). "[I]n order to overcome the presumption the district court properly exercised its discretion, there must be an affirmative showing the court relied on . . . improper evidence." *Id.* (second alteration in original) (quoting *State v. Dake*, 545 N.W.2d 895, 897 (Iowa Ct. App. 1996)). Waite points to the court's statement that it "believe[s] everything [E.] said at trial" to support his claim. However, merely showing the court believed the victim's testimony falls far short of showing the court relied on improper evidence in sentencing. Therefore, we reject Waite's claim the court relied on improper evidence, and we find the court did not abuse its discretion in sentencing him to consecutive terms of incarceration.

**VI. Conclusion**

We find the district court did not abuse its discretion in rejecting Waite's claims of vouching during the testimony of the State's expert witness and during the prosecutor's closing arguments. We also find sufficient evidence to support Waite's convictions on all six counts, and we find no abuse of discretion in sentencing him to consecutive terms of incarceration. Therefore, we affirm his convictions and sentences.

**AFFIRMED.**