# IN THE COURT OF APPEALS OF IOWA

No. 22-0075
Filed June 7, 2023

**ROGER CHRISTOPHER McGHEE,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Story County, Amy M. Moore, Judge.

Roger McGhee appeals from the denial of his application for postconviction relief. **AFFIRMED.**

Audra F. Saunders of Anderson & Taylor PLLC, Des Moines, for appellant.

Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., Vaitheswaran, J., and Vogel, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**VOGEL, Senior Judge.**

Roger McGhee appeals from the denial of his application for postconviction relief (PCR), contending both ineffective assistance of defense counsel and ineffective assistance of PCR counsel. Because McGhee was not denied the effective assistance of defense counsel, and he must raise his claims regarding ineffective assistance of PCR counsel in a separate action, we affirm.

## I.      Background Facts and Proceedings

This case stems from McGhee's 2019 convictions for repeated sexual offenses against his minor daughter L.M. The State's witnesses at his criminal trial included L.M., L.M.'s mother, L.M.'s brother, and an expert regarding the general nature of child forensic interviews. After trial, the jury found McGhee guilty of sexual abuse in the third degree, lascivious acts with a child, and assault with intent to commit sexual abuse. A panel of this court affirmed his convictions on direct appeal. *See State v. McGhee*, No. 19-0344, 2020 WL 2488191, at *1–2 (Iowa Ct. App. May 13, 2020).

In July 2020, McGhee filed his PCR application. After a trial, the PCR court denied his application in full. McGhee appeals.

## II.      Standard of Review

"We generally review a district court's denial of an application for [PCR] for errors at law." *Doss v. State*, 961 N.W.2d 701, 709 (Iowa 2021). "However, a PCR application alleging ineffective assistance of counsel raises a constitutional claim, and '[w]e review postconviction proceedings that raise constitutional infirmities de novo.'" *Krogmann v. State*, 914 N.W.2d 293, 306 (Iowa 2018) (alteration in original) (quoting *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011)).

### III.    Discussion

McGhee argues his defense counsel was ineffective in several ways: (1) failure to call an expert defense witness, (2) failure to object to hearsay evidence, (3) introduction of hearsay evidence, (4) failure to object to the State's closing argument, (5) failure to file a motion in arrest of judgment, (6) failure to object to unfairly prejudicial evidence, and (7) failure to object to impermissible witness vouching.  He also argues (8) his PCR counsel was ineffective for failing to call L.M.'s mother as a witness during the PCR trial.

"To prevail on a claim of ineffective assistance of counsel, the applicant must demonstrate both ineffective assistance and prejudice."  *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001).  "Both elements must be proven by a preponderance of the evidence."  *Id.*  To establish ineffective assistance, "the applicant must demonstrate the attorney performed below the standard demanded of a reasonably competent attorney."  *Id.*  To establish prejudice, "the applicant must demonstrate 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  *Id.* at 143 (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

#### A. Expert defense witness

McGhee argues his defense counsel should have called an expert witness in his defense to counter the State's expert.  However, at the PCR hearing, he presented no evidence of a defense expert who would have bolstered his defense.  Without such evidence, he cannot prove his defense counsel was ineffective for failing to call an expert.  *See Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994) ("[I]t is not enough to simply claim that counsel should have done a better job.").

B. Object to hearsay evidence

McGhee argues his defense counsel should have objected to certain hearsay evidence during trial. He asserts L.M.'s mother, L.M.'s brother, and a police detective all testified—in general terms—to what L.M. told them about the abuse and the prosecutor referred to L.M.'s out-of-court allegations during opening arguments. Even if we assume all of these statements were inadmissible hearsay, L.M. testified to the specific allegations during trial, and he does not challenge the admissibility of her testimony. Thus, all of the challenged statements were cumulative to other properly admitted evidence, and his counsel was not ineffective for failing to object to these statements. *See State v. Neitzel*, 801 N.W.2d 612, 623 (Iowa Ct. App. 2011) ("[W]e will not find prejudice if the admitted hearsay is merely cumulative." (quoting *State v. Hildreth*, 582 N.W.2d 167, 170 (Iowa 1998)).

C. Introduction of hearsay evidence

McGhee argues his own defense counsel introduced prejudicial hearsay evidence, specifically a recording of L.M.'s forensic interview that contained her detailed allegations of abuse. However, his defense counsel testified during the PCR trial that he played the recording to point out inconsistencies in L.M.'s testimony and to show her demeanor changed from calm during the forensic interview to frightened during trial. Counsel also testified he met with McGhee before trial and they decided "the benefit from playing [the recording] outweighed any potential harm." Thus, the decision to introduce into evidence a recording of the forensic interview was a reasonable trial strategy and not ineffective assistance of counsel. *See State v. Ondayog*, 722 N.W.2d 778, 786 (Iowa 2006) (stating counsel was not ineffective for having "made a reasonable decision concerning

trial tactics and strategy, even if such judgments ultimately fail" (quoting *Brewer v. State*, 444 N.W.2d 77, 83 (Iowa 1989)).

D. The State's closing argument

McGhee argues his defense counsel should have objected to references to evidence not in the record during the State's closing argument. A prosecutor "is entitled to some latitude during closing argument in analyzing the evidence admitted in the trial." *State v. Graves*, 668 N.W.2d 860, 874 (Iowa 2003) (quoting *State v. Phillips*, 226 N.W.2d 16, 19 (Iowa 1975)). "Moreover, a prosecutor may argue the reasonable inferences and conclusions to be drawn from the evidence." *Id.* "A prosecutor may not, however, express his or her personal beliefs." *Id.*

McGhee asserts these statements from the State's closing argument were improper:

> What Mr. McGhee wants you to believe is that this is just all made up. For what reason? Don't know. What's the motivation? What does [L.M.] get out of this by making this up? By coming in here and talking about her body parts and her dad's body parts, starting back in February of last year having to talk to multiple people over and over about what happened to her? What does she get out of it? He wants you to believe that it's a story, that she came up with this story for whatever reason and then she stuck with it, and she came in here and she told you these things, and she just made it all up, but there are too many details that [L.M.] can provide, and there are too many details that the police discovered during their investigation to have it be just that, to have it be a story. It's just not a story.
> . . . .
> . . . He wants you to think that it's a story, that she came up with this or maybe that she and her mother came up with this, but all of the pieces line up much too perfectly for this to be a story. This is not a story. This happened to [L.M.].

These statements are reasonable inferences and conclusions and otherwise entirely consistent with L.M.'s testimony and the other evidence in the record. *See Graves*, 668 N.W.2d at 874. To the extent McGhee also argues the prosecutor

impermissibly commented on the credibility of witnesses here, we again find these comments were fair inferences from the record and within the prosecutor's latitude rather than impermissible vouching. *See id.* Thus, his defense counsel was not ineffective for failing to object to the State's closing argument.

### E. Motion in arrest of judgment

McGhee argues his counsel should have filed a motion in arrest of judgment. "A motion in arrest of judgment is an application by the defendant that no judgment be rendered on a finding, plea, or verdict of guilty. Such motion shall be granted when upon the whole record no legal judgment can be pronounced." Iowa R. Crim. P. 2.24(3)(a). "[T]he term 'whole record' . . . does not refer to the evidence of the trial itself." *State v. Oldfather*, 306 N.W.2d 760, 762 (Iowa 1981). "A motion in arrest of judgment may not be used to challenge the sufficiency of evidence." *State v. Dallen*, 452 N.W.2d 398, 399 (Iowa 1990). Instead, after a guilty verdict, a defendant may use a motion in arrest of judgment to challenge whether the criminal statute applies to the facts of the case. *Oldfather*, 306 N.W.2d at 763 ("If the underlying statute is not applicable, granting a new trial would leave the original charge intact and would merely perpetuate the issue. And entering judgment, void under the circumstances, would obviously be inappropriate. Arrest of judgment appears to be the only suitable vehicle by which to raise the issue after trial.").

The exact nature of McGhee's claim is unclear. In his brief to us, he alleges the State, possibly improperly, provided certain information to L.M. and her mother before trial, which may have influenced their testimony. Even if we assume this is true, it does not void his convictions or otherwise prevent judgment from being

pronounced. Rather, his claim relates to the weight of the evidence to support his convictions, which is not a proper basis for a motion in arrest of judgment. *See* Iowa R. Crim. P. 2.24(3)(a); *Dallen*, 452 N.W.2d at 399. Furthermore, McGhee's defense counsel testified the information in question had no value to the trial. Thus, even if a motion in arrest of judgment were a proper basis here, McGhee has not shown any prejudice resulted from providing the information to the witnesses. Therefore, his counsel was not ineffective for failing to file a motion in arrest of judgment.

### F. Unfairly prejudicial evidence

McGhee argues his counsel should have objected to unfairly prejudicial testimony during this exchange between the State and L.M.'s mother:

> Q. When the two of you were intimate with each other, did [McGhee] ever ask you to do anything in particular regarding your appearance or your hair? A. Yes.
> Q. What did he ask you to do? A. To wear pigtails.
> Q. Okay. What did you think about that? A. It was—it made me feel a little uncomfortable, but I didn't—I didn't care for it.
> Q. Did you do it? A. A couple times but not—not often.
> Q. Was there a particular nickname that he asked you to call him? A. Sometimes he would ask me to call him Daddy but not often.

McGhee asserts the only reason for this testimony "was to leave an impression on the jury that McGhee was sexually attracted to children." McGhee also asserts that statements during trial that he fathered a child with another woman during his relationship with L.M.'s mother were also solely intended to place him in a negative light.

McGhee's defense counsel testified he did not object to the intimate details because he did not want to draw attention to them. He also testified he believed the testimony about the intimate details and the other child were not helpful to the

State's case, specifically calling the other child "a non-issue." His counsel's decision to not object to this testimony was a reasonable trial strategy. *See Ondayog*, 722 N.W.2d at 786.

Nevertheless, the district court questioned whether counsel's decision to not object to testimony about the intimate details was "a sound strategic plan." Even if we were to find counsel was not "reasonable" in failing to object to any of this testimony, L.M. otherwise gave detailed and compelling testimony during the trial that was supported by other evidence. On direct appeal, we recognized she "provided vivid and detailed descriptions of the acts committed by McGhee." *McGhee*, 2020 WL 2488191, at *1. Her testimony was supported by other witnesses and sex-related exhibits in the record. Her mother's brief description of McGhee's intimate details—which manifested "not often" during their multi-year relationship—and other references to him fathering another child do not undermine our confidence in his convictions in the face of the other evidence admitted at trial. Therefore, counsel was not ineffective for failing to object to testimony about McGhee's intimate details and his other child.

### G. Witness vouching

McGhee argues his counsel should have objected to impermissible witness vouching. "[O]pinions on the truthfulness of a witness should generally be excluded because weighing the truthfulness of a witness is a matter reserved exclusively to the fact finder." *State v. Myers*, 382 N.W.2d 91, 95 (Iowa 1986).

On appeal, it is not clear which statements McGhee asserts were impermissible vouching. While he does not identify specific statements to us, the

PCR court analyzed two statements. First, the following exchange occurred between the State and a police detective:

> Q. And as you spoke with [L.M.], without saying exactly what she told you, did she describe multiple distinct incidents of sexual abuse by her father? A. Yes, she did.
> Q. Was she consistent throughout her account with you? A. Very.

This exchange simply reflects the detective's opinion that L.M. was consistent in describing the sexual abuse. The detective does not offer an opinion on the truthfulness of L.M.'s allegations or otherwise vouch for her credibility.

Second, L.M.'s mother testified she did the following after L.M. first told her about the abuse, "I told [L.M.] I was going to call the cops, and I told her it was very serious what she was saying so I needed her to make sure she was telling me the truth because it was really serious." Similarly, this statement merely shows L.M.'s mother told her to tell the truth. Her mother does not offer an opinion on whether those allegations were true or otherwise vouch for L.M.

McGhee also argues the State elicited improper vouching testimony from him when the prosecutor asked him on cross-examination if he believed L.M. "made everything up." While the PCR court did not address this questioning, we bypass error-preservation concerns to note McGhee's defense counsel had no reason to object. McGhee's trial defense was to deny the abuse occurred. Throughout trial, his counsel questioned the accuracy of L.M.'s allegations and pointed out perceived inconsistencies in her statements. With L.M.'s credibility at the heart of his defense, McGhee should have welcomed the opportunity to personally cast doubt on her accusations during cross-examination. His counsel

was not ineffective for failing to object to this questioning as impermissible vouching.

### H. Ineffective assistance of PCR counsel

Finally, McGhee argues his PCR counsel should have called L.M.'s mother as a witness to support his PCR claims. We do not decide this issue on direct appeal, and McGhee must raise his PCR counsel's effectiveness in a separate PCR application. *See Goode v. State*, 920 N.W.2d 520, 526–27 (Iowa Ct. App. 2018).

### IV. Conclusion

We reject all of McGhee's claims that his defense counsel was ineffective. He must raise the effectiveness of his PCR counsel in a separate action.

**AFFIRMED.**